IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENT TYLER TREPANIA,

                Plaintiff,
  v.

                                                  OPINION and ORDER

LUCAS SHEPARD, MATHEW JEFSON,
JACOB ANDERSON, NICK ALMOGHRABI,          21-cv-250-jdp
HAYWARD AREA MEMORIAL HOSPITAL,
AND SAWYER COUNTY,

                Defendants.

---

Trent Tyler Trepania, an inmate at Washburn County Jail, alleges that officers used excessive force during his arrest. He also alleges that Hayward Area Memorial Hospital failed to treat his resulting injuries. Trepania is proceeding in forma pauperis, Dkt. 2, and has made partial payment of the filing fee, Dkt. 10. Because he is proceeding in forma pauperis and because he is a prisoner suing government officials, I must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will screen Trepania's amended complaint, Dkt. 10. His original complaint had not been served on defendants, so he had the right to amend his complaint under Federal Rule of Civil Procedure 15. Trepania's complaint does not state any claims for relief, so I will dismiss his claims and allow him to file another amended complaint.

ALLEGATIONS OF FACT

I draw the following allegations from Trepania's amended complaint, Dkt. 10, and accept them as true for the purposes of this screening order.

Defendants Almoghrabi, Anderson, Jefson, and Shepard, all officers with the Sawyer County Sheriff's Office, used unnecessary force during Trepania's arrest. The officers also dropped Trepania on his face while he was in handcuffs and shackles. After his arrest, Trepania was brought to Hayward Area Memorial Hospital for his injuries, but the hospital refused to treat his injuries or remedy his pain. He was also not treated for hypotension or his alcohol withdrawals, and they did not give him his anti-seizure medication.

Trepania alleges that the sheriff's officers took his words out of context and misinterpreted his words as a threat. The officers also made false claims about Trepania and requested that Trepania be held on a $20,000 cash bail. Trepania says that Sawyer County Sheriffs practice discriminatory policing against drug addicts and other minorities, and that the county has failed to take steps to eliminate those practices.

ANALYSIS

**A. Claims against Sawyer County officers**

Trepania's allegations against the Sawyer County Sheriff's officers do not comply with the Federal Rules of Civil Procedure. All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As currently pleaded, Trepania's potential claims are too vague to meet the pleading standard of Rule 8. I have identified four potential claims against officers Almoghrabi, Anderson, Jefson, and Shepard, which I will discuss in turn.

First, Trepania alleges that officers harmed him by using excessive force during his arrest. The Fourth Amendment prohibits officers from using greater force than reasonably necessary to make an arrest. *Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016). But Trepania's allegations are too vague and conclusory to support a claim against any of the individual officers. Trepania alleges that the officers pushed him over when he was shackled. But he doesn't explain which officer was responsible for that injury.

Second, Trepania alleges that the officers retaliated against by misrepresenting his speech as a threat. Police officers can be sued for retaliating against people for their protected speech. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). But Trepania doesn't allege any details about this claim; he doesn't explain what he said or in what context the officers claimed that his words were threats. Presumably, Trepania means to allege that he was arrested for something he said. But Trepania doesn't plead enough facts to support a First Amendment claim.

Third, Trepania alleges that the officers made false claims about him and requested that he be held on a $20,000 cash bail. Allegations about false statements made by officers could support a state-law claim for malicious prosecution. But there are two problems with this claim. First, Trepania doesn't allege anything about what these false claims were, which officers made them, who they were made to, or what the consequences were. His allegations are too vague to support a claim. Second, one of the elements of a malicious prosecution claim is that "the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution." *Wisconsin Pub. Serv. Corp. v. Andrews*, 2009 WI App 30, ¶ 23, 316 Wis. 2d 734, 747, 766 N.W.2d 232, 238. Trepania doesn't allege that the proceedings have terminated in his favor, so he doesn't state a claim for malicious prosecution.

3

Fourth, Trepania alleges that he was discriminated against because he is Native American. Discrimination based on race can support a claim under the Equal Protection Clause of the Fourteenth Amendment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (internal quotation marks omitted). But nothing in Trepania's complaint suggests that defendants discriminated against him because of his race or ethnicity, and I am not required to take his "mere conclusory statement[]" that defendants did so as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## B. Claim against Sawyer County

Trepania has not stated a claim against Sawyer County. Most federal constitutional claims under § 1983 must be brought against the individual person who violated the plaintiff's rights. Municipalities like Sawyer County can be liable for the actions of its employees only if the violations were caused by an official policy, a custom or practice, or an official with final policy-making authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1971). Trepania alleges that the Sawyer County Sheriff's Office has a policy of discriminating against minorities, but he doesn't give any details beyond that conclusory statement. And although Trepania alleges that the officers injured him because he is a minority, that doesn't show that the discrimination was because of a custom or policy.

## C. Claims against Hayward Area Memorial Hospital

Trepania has failed to state any claims against Hayward Area Memorial Hospital for failing to treat his injuries. The Fourth Amendment requires treatment providers to respond reasonably to an arrestee's need for medical care. *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011).[1] But there are problems with Trepania's claims. First, § 1983 can only be used

---

[1] The Fourth Amendment governs an arrestee's claims until he receives a judicial determination

4

to sue "persons," and Trepania doesn't name any of the individual health care workers he alleges violated his rights. Institutions like hospitals can be sued using § 1983 under a *Monell* theory of liability. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 652 (7th Cir. 2021). But Trepania doesn't allege that that the hospital has a policy or custom that caused his injury.

Second, Trepania doesn't allege any facts that allow me to infer that hospital staff were acting "under color of law." Section 1983 authorizes claims against persons acting under color of state law. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). But it appears that Hayward Area Memorial Hospital is a private entity and not run by the state. Private entities can still be sued under § 1983 where their acts are "fairly attributable to the state because the party has acted in concert with state actors." *Id.* at 823. Whether a hospital that provides services to persons in police custody is acting in concert with state actors is a very fact-specific question; "[b]oth the Supreme Court and the lower federal courts have acknowledged the difficulty of determining whether a private entity has acted under the color of state law." *Id.* Factors to consider include whether the atmosphere was custodial, the length of the hospital stay, the services rendered, and the relationship between the state and the hospital. *Id*.

Here, Trepania doesn't allege that Hayward Area Memorial Hospital or its staff acted in concert with the state. There are no facts to suggest that there was a relationship between the hospital and the government or that it is a go-to provider of care of people in police custody. Trepania alleges only that he was treated at the hospital following his run-in with the officers.

---

of probable cause. *Ortiz*, 656 F.3d at 530. Because Trepania was brought to the hospital immediately after his run-in with police, I will assume for the purpose of screening that he hadn't received a probable cause hearing yet.

If Trepania still wants to seek a § 1983 claim against Hayward Area Memorial Hospital or hospital staff in his amended complaint, he should plead facts that allow me to infer that the hospital worked in concert with the state.

Trepania also seeks to bring a claim against the hospital under Wisconsin law for intentional infliction of emotional distress (IIED). Because Trepania has not stated any claims under federal law, the court does not have jurisdiction over Trepania's lawsuit and I cannot exercise supplemental jurisdiction over his state law claim. *See* 28 U.S.C. § 1367(a).

CONCLUSION

Trepania has not stated any claims for relief that this court can hear. But because Trepania appears pro se, I will give him a chance to amend his complaint. Trepania should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. He should explain the actions each individual defendant took to violate his rights and whether those actions were the result of a policy or custom. And if Trepania believes he can state claims against Hayward Area Memorial Hospital or its staff, he should allege facts to show that hospital staff were acting under color of law. If Trepania fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Trent Tyler Trepania's complaint, Dkt. 10, is DISMISSED without prejudice for failing to state a claim.

2. Trepania may have until January 12, 2022, to submit an amended complaint that addresses the problems identified in this opinion.

Entered December 22, 2021.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge